Okay, Middleton versus The Hollywood Reporter. Is that right? We're doing in that order? Yes. Yeah. Good morning, Mr. Williamson. Will you come speak with us,  Totally understand. Take as much water as you need. Morning, Your Honor. May it please the court. My name is Brady Williamson. I represent the appellant John Middleton in this case. This case is appeal is premised on two main policy arguments. First is the strong preference of courts in general and court specifically within the 11th Circuit to resolve matters on the merits. The second is the state of Florida's interest in adjudicating claims premised on defamatory statements, including false allegations of criminal conduct directed at a Florida domiciliary and causing injury to that domiciliary in the state of Florida. Okay, let's cut to the chase about this, at least for my purposes. You've raised an argument about whether the district court was wrong to deny the motion for leave to amend and whether it was wrong to dismiss the complaint by default. And then of course, we've got this statute of limitations issue that you've referenced as well. And Florida law does contemplate that at least in some circumstances, it makes sense to apply the statute of limitations of the non-forum state of another state. And when I look at this case in a very practical way, I think it doesn't really matter whether the district court erred in denying the motion for leave to amend or the motion for dismissal by default. It all really comes down to the statute of limitations because even if the district court erred and denying the motion for leave to amend, we would have to decide whether the error was harmless because that amended complaint was barred by the statute of limitations. And so, I look at this and I think, okay, I'm gonna assume it was wrong to dismiss by default. It was wrong to not grant you leave to amend. But then when I look at the amended complaint, it seems plainly barred by the statute of limitations because what we in effect really have here is a Bear with me a moment. We've got an article that was published in a Hollywood oriented magazine by people who work in Hollywood about people who produce movies in Hollywood and then suit each other in a Hollywood court about events that occurred in Hollywood. That seems to me under the California significant relationship test to point to California. Your honor, I'd I'd disagree for for two specific reasons. You mentioned that the the article related to relationship of people that was in California. I'd just like to note that mister Middleton and mister Lee's professional relationship had ended as of late 2016 early 2017. Let's let's take it bit by bit. It's the Hollywood reporter, right? It's a publication. It's a Hollywood oriented magazine about people who work in Hollywood, isn't it? Yes, your honor. However, the Hollywood reporter and it's an article about people who produce movies in Hollywood, isn't it? It's an article that relates to a lawsuit that was in Hollywood originally, right? A lawsuit in Hollywood, right? Yes, sir. However, about events that occurred in Hollywood, right? Your honor, I would disagree in that regard only to the extent that the allegations in the proposed amended complaint and the argument that was made by mister Middleton's second attorney in the motion for leave to amend or it limits the defamatory statements at issue to two specific statements. And those statements are that mister Middleton had sought to engage the services of a sex worker and that mister Middleton had attempted or had committed a campaign finance violation. I would contend that those two statements specifically, which are the defamatory statements that are at issue in the event leave to amend is ultimately granted that those two statements have nothing to do with California whatsoever. Those are strictly personal statements about mister Middleton in his personal life committing a criminal act. My take on the case and I speak only for myself is that. Your expanded allegations in the proposed amended complaint might have mattered with regards to mister Middleton's residence and domicile in as of a certain date. And the reason is that section 150 subsection two of the restatement second of conflict of law says this and I'm quoting when a natural person claims that he has been defamed by an aggregate communication, the state of most significant relationship will usually be the state where the person was domiciled at the time if the complaint of was published in that state. Now that doesn't get you the whole way there, but it provides at least an argument that if mister Middleton was residing in Florida well before the article was published, then you've at least gotta take into account how the allegations of the proposed second amended complaint as a domicile and Residents relate to section 152 of the restatement as Chief Judge Pryor said, Florida's. Forum rules allow for the possibility that some other states laws are going to provide the most significant relationship to a multi-state defamation dispute, but section 150 at least subsection 150 subsection two makes it at closer because it provides a default answer. Or the the law being the law of the place where the plaintiff resides at the time of publication. Yes, your honor and and and here II just like to note and that's one of the places where we believe the trial court made an error in the order on the motions to dismiss the trial court in in footnote one. I Middleton had previously stated in a in the California action that he was a that he was domiciled in California. However, the the complaint in the California case stated that mister Middleton resided in California and the proposed amended complaint as did the proposed amended complaint actually added when mister Middleton became a domiciliary of Florida and we have to take the out that the way I've outlined it, we would have to take the allegations of that complaint as true. Yes, your honor and then but but it that that to me though doesn't though ultimately answer the question, which is that whatever the default rule might be as as my colleague mentioned, he's certainly right about that at at the end of the day when I look at everything the the most significant relationship points to California. It seems to me it's everything else about this seems to point to California again. Your honor respectfully, I would disagree and the reason is because there are four factors laid out by the restatement second of towards to at the Florida court. Let me let me ask to interrupt in one sentence and this is a de novo determination. Whatever error the district court made because this is a legal question. We just have to figure out what the right answer is as a matter of law. So that's what I'm focused on. Yes, your honor. I think there are technical problems with how the district court handled this, but I think it may not matter in the so help me with the second factor. The first factor place where the injury occurred. We all agree defamation published worldwide doesn't really help me much to help me with the second one. The place where the conduct causing the injury occurred and judge prior made reference to it. Isn't it fair to say that California not Florida was the place where the conduct causing the injury occurred and I say that because you do have the article was investigated in California. It was reviewed in California. It was approved in California. The publisher put it out in California and so on. Wouldn't it be fair to say that that factor tilts against you? Well, your honor, I would I would simply say that and and the trial court obviously noted in the order that the reason for its finding was that the statements were I gave you my reasons and I want you to tell me why this factor doesn't tilt against you. Yes, sir. I'm only talking about factor two of the four understood so the the restatement second of towards which is where the most significant relationships test starts states as it relates to both the first and the second factor that they hold little little or less significance when the event has not occurred in a single clearly defined clear clear singular singularly defined state in those instances and as as judge Jordan mentioned earlier, the specifically as it relates to multi-state defamation, the third factor is the most important. However, as it relates to that, I'm asking a really simple question. I'm not asking about factor one. I'm not asking about factor three domicile and I'm not asking about factor four, the place where the relationship between the parties is centered. I'm against you. You can say, yes, it does judge but it doesn't mean a whole lot because but I don't know how you can say it doesn't cut against you. No, your honor. My apologies. My argument would be the Southern District of Florida and does it cut against you? Yes or no? It does cut against me to an extent. However, the argument is that there is no, it essentially under these circumstances should not provide a significant amount of help when it comes to the assessment of the four-factor. Alright, help me with the fourth factor. The fourth factor? The fourth factor. Yes, your place where the relationship between the parties is centered. Yes, your honor. Isn't that clearly California? And if not, tell me why not? The relationship between Mr. Middleton and Mr. Lee was centered in California. Obviously, considering Mr. Lee and THR, the Hollywood reporter and Mr. Baum were located in California. Those parties relationship was centered in California. However, the restatement second of torts when referencing the fourth factor where the party's relationship is centered, discuss the fact that this factor again holds little importance if the defamatory statements at issue are not directly associated with the business relationship at issue. So, would it be fair to say I don't mean we time is short and I just really am looking for your help. Candidly, factor one doesn't cut in favor against anybody because the publication is worldwide. Factor two, you say it doesn't amount to a whole lot but yes, it cuts against you. Factor four, you say doesn't amount to a whole lot that cuts against you too. Is that a fair statement of where we are so far? I believe that's a fair statement as far as those two factors not being in our favor. First factor is neutral. Two and four cut against you. So, the whole ballgame rests on number three. Yes, your honor and again, I I believe that's what the restatement second of torts and I believe it's Knicks versus ESPN Incorporated in the eleventh circuit that also discusses the same thing. It's that again, in multi-state defamation cases, when a matter is published in multiple different states that harms the reputation of a Florida domiciliary. Excuse me. You would basically establish a category rule that it would always the most significant relationship would always point to the domicile. So, not not necessarily. Everything else about this case is against you. Not necessarily your honor. That would be the effect it seems to me. I just don't see how else you get there because that's really all you've got, right? What have you got Besides, that's the domicile. Again, yes, your honor. The argument is premised on the fact that the third factor, mister Middleton's domicile at the time that the article was published is the most significant factor to carry significantly more weight than than the other two factors which may slightly weigh against us. I mean, the third factor is domicile residents. No doubt there was some residents in in California. Place of incorporation or place of business of the parties. It's all those things that are the third factor, right? It's not just a domicile factor. Yes, your honor but with respect to mister, even it's a split factor. So, with respect to mister Middleton, as it states in the itself. Again, not only had he had he left California as a resident domiciliary but he had, he was no longer conducting business in California at the time that the he had moved his. Yeah but that's that's different from the place of business of the parties. So, in insofar as they had a business relationship, it would, it had been in California, right? Yes, your honor. The the relationship between mister Middleton and mister Lee was in California. However, that relationship had ended. Right. That's right. We have to look back at when it existed. Yes, your honor. No, I completely understand. Cuz that's what leads to lawsuits. Um okay. Uh I think we understand. You've saved your rebuttal time. Uh let's hear um from uh your adversary.  May it please the court. My name is Rachel Fugate on behalf of the Appleys, the Hollywood Reporter, and Gary Baum and I'm splitting time today with Jay Kim who's here on behalf of Appley Roy Lee. Um as this court explained in Fray versus Mentor, in multi-state defamation cases, the state of the plaintiff's domicile does not necessarily have the most significant relationship to the case if and then outline several factors. Um the plaintiff is better known in another state. The statement pertain to the plaintiff's activity. Um in another state, the plaintiff suffered greater special special damages in another state or the statement's principle place of circulation was in another state. Can I ask you a preliminary question? Yes. Procedural in nature. Yes. After reciting all of those things that we said in Fray which is unpublished but. Yes, I did say them. Can all of those things be determined on a motion to dismiss? Um in Fray, it was the choice of law. I'm asking about here. So, for example, one of the things you said is the extent of the injury in Florida versus the extent of the injury in California. How can you tell that from the face of the proposed amended complaint when we don't have any discovery about what effect if any the article had on him in California, which he had by then vacated or had in Florida where he had set up new businesses and established again, according to the proposed second amendment complaint, a domicile. In all cases, it may not be appropriate on a motion to dismiss to go through those factors and and those special factors, the district court didn't go through but from the the face of of the complaint here with respect to damage, what we we do know, we have the California complaints that that were the the basis of the story and in the California action about a month before the article was published, Mr Middleton alleged that he that he resided and worked in California about a month before the article at issue and in this case, in his original complaint, which I think the court can consider too because those are allegations as well as those in the proposed amended complaint, he alleged that the Hollywood reporter's publication damaged his reputation in the entertainment industry where he was a producer and operated a production company. I know the problem is that we have case law that says that once and if you take the chief judge's analytical tree as he proposed it, once you file an amended complaint, the previous complaint is gone and so you only look at the new complaint and so whatever he said in the first one, I mean that might be good fodder for cross examination and a deposition like why did you file a complaint that said you were a resident of California a month before the publication and now you file an amended complaint that says that you had moved to Florida 2 years earlier but we have to take if you're going to follow that analytical tree as proposed, you have to accept the allegations of the proposed amended complaint and not anything that came before. Certainly and I do think there are cases too that say you can't just like amend to avoid you know a motion to dismiss with contradictory allegations, but certainly even taking those away the allegations of the amended complaint, the alleged injury, the court found that inconclusive because again, it's published everywhere. There were no specific allegations of specific injury in Florida. So even if that factor is a push, even if you don't consider that the other factors still weighed heavily on the motion to dismiss looking only at the proposed amended complaint still heavily favored California. So I think that the alleged injury, which it focuses on the plaintiff's domicile, that first factor, even if you take that out of consideration or even weigh it in favor of the plaintiff, the other section 150 of the restatement second of conflict say that you do weigh it in the plaintiff's favor. Not that it's determinative, but it does say that you weigh it in the plaintiff's favor because it's usually the place of the plaintiff's domicile, right? Usually that's the typical case, but doesn't that mean you at least weigh it in his favor based upon the allegation of the proposed amended complaint? If he had been living in Florida 2 years before publication, I mean your honor, that's not what this court did in Michelle versus NYP Holdings or another unpublished unpublished opinion, Knicks versus ESPN because it was available worldwide without specific allegations of harm in the domicile state. It was really a push, so I don't think it necessarily has to be weighed in favor of the plaintiff, but even if you do weigh that in favor of the plaintiff here, the decision still should be affirmed because of all of the other factors that heavily weigh against California. Let me ask you a question in this regard. Judge Jordan prefaced his comment by asking what he characterized as a procedural question and it basically boiled down to was there enough really in the record to allow the court to properly address the motion to dismiss on the front end or rather would this have been better to wait until discovery had been more fulsome? Did anyone raise that argument with the trial judge and say you really shouldn't address this question of motion to dismiss so soon because we don't know this and we will later? No, your honor. The proposed admitted complaint was filed in response to the motion to dismiss, so any additional allegations that they had wanted to put in there, they certainly put in there and even from the face of that, you can't escape the fact that this is you have a California media entity, a California journalist, you have the source also from California being sued in Florida over a story that can you know concerned a very acrimonious California lawsuit between two Hollywood producers. So that cannot be avoided. It's that is clear from the proposed amended complaint and on those facts, I think it is entirely appropriate to consider that choice of law issue on a motion to dismiss. All right, help me with factor three. Yes, because that's where your colleague is putting basically his premium. The domicile residence nationality place of incorporation in place of business of the parties as you see it. How does that factor cut? I see it as the trial court did a majority of the parties because it's not just the plaintiff. It's the parties majority of the parties are all in California. So the Hollywood reporter is principle place of business is California. Gary Baum, the reporter resides in California and Roy Lee also in California. So the majority of the parties are in California and again, this was part of the record of the California action with respect to residents a month before the article was published. Mister Middleton alleged residents in California. So I think those greatly way in favor of on the third factor when you consider all of the parties, a majority clearly reside in California and that factor was in favor of California. Let me ask you a slightly different question. The district court dismissed for two reasons. One went to the merits. The other was basically willful, consummation behavior didn't comply with the the court orders, etcetera, etcetera, etcetera. Rule forty-one an inherent power. One thing the district judge did not appear to me to do at all was to consider lesser sanctions or reflect upon anything else. Isn't that fatal to that that ruling? Haven't we said with great clarity before you dump a case for those grounds, you pull the trigger, the ultimate resolution, you've got to at least tell us that you've reviewed variety of other possibilities, lesser sanctions, etcetera. And if he didn't, he didn't say a word about that. Is that not fatal to that determination? And if that's all she wrote, wouldn't we have to reverse that? I don't believe so, your honor because the dismissal, the prejudice here results not from the default. The default was pursuant to local rule, not for rule forty-one for failure to respond. But then the court went on and considered the merits of the case, consider the merits of the choice of law and the statute of limitation and denied the motion for leave to amend with prejudice. No, earlier, let's assume he erred in granting the motion to dismiss by default and let's assume that he erred in granting and denying leave to amend. And so what we're then where we are then is we have the amendment complaint. Yes. And we can get to just what the district court did in the alternative and and and look at the statute of limitations question. And I think that is mean to me to boil down to but yes, your honor and there were procedural irregularities in this case, you know, in part from the, you know, from the failure to respond to the motion to dismiss the motions for extension of time that didn't get ruled upon. So, there are procedural irregularities but we can't escape and what it all comes back to is a statute of limitations. The case is time barred. We have the proposed amended complaint and there is no pleading or amendment that can cure that fatal flaw and I see that my time is up if there are no further questions. I think you may have had another question. No, it's okay. Okay. Thank you very much, your honor. Okay. Um uh mister Leto. Oh, I'm sorry, mister Kim. I I looked all the way down at the bottom of the sheet and not that bottom and not the bottom of that case. That's not a problem, your honor. May please the court. Jay Kim and Candace Brenner on behalf of the Appalachian Roy Lee. Um I don't mean to replow any any ground that's already been plowed. I I think that council has discussed as well as the court has discussed all the relevant issues. I did want to address a couple of points. Judge Marcus brought up regarding the failure to address the second prong of a rule 41B dismissal which is the consideration of lesser sanctions. I would ask the court to consider the between a dismissal based on rule 41B and I know that the case law generally tends to steer into 41B dismissals even though the dismissal may be may be based on a on a failure to respond under a local rule such as 7.1C in this case but I would like to have a distinction if the court would would allow between a a a sanction which I don't believe is really happening here versus just a failure to respond to a motion to dismiss. The dismissal in this case was a result of a specific relief that was requested by the by the defendants and it was not necessarily a sanction and I realize again that the case law may disagree on that point but but isn't I mean I speak in my capacity as a former district judge. There are times when a motion to dismiss even from the plaintiff's perspective is well taken and the plaintiff responds not by challenging in a frivolous manner the arguments made in the motion to dismiss but by saying here's my proposed amended complaint. Let me just get going. What the what the defendant said is right. I need to amend. Here's my amended complaint. This in sum and substance was that there weren't some magic words but it's not like he didn't I would understand the argument if there were no response at all. There wasn't a merits response but there was a response. The response was let me amend instead of responding to the motion to dismiss. I'll clear up the problem. Now you may think that that amendment as a district court thought was futile but I'm not sure that you dismiss for some for conduct like that even if you don't take it as a sanction but that's just my perspective. I understand your honor and I believe that the court did two steps here. Not only did the court the district court dismiss based on the failure to respond to the motions to dismiss but on a substantive level the court did the second step which was the analysis on the merits of the motion for leave to amend the complaint in light of the arguments that were presented by the defendants in their motions to dismiss specifically regarding the borrowing statute and regarding the analysis a full analysis of the significant relationship test and as this court has already repeatedly pointed out the fact that all the factors point to the inescapable conclusion of california being the center of this activity well I think the the more awful way to put it is that one of the factors doesn't point in any direction two of the factors point toward california and maybe the third factor when we talk about domicile you can make arguments going both ways isn't that a more accurate way to state the the the lay of the land here well as an advocate your honor I would think that all four uh factors direction but I understand your yeah but I want to go back to what I was asking about let's hold aside the amendation attempt let's hold aside whether the statute of limitations blows that out of the water the district court dismissed the case with prejudice because he felt that one of the parties simply was not complying repeatedly with the orders of the court we've said with great clarity that dismissal with prejudice is improper unless and until the district court finds a clear record of delay or willful conduct I think you could say he did that and it's in the conjunctive that lesser sanctions are inadequate to correct such conduct did he address that at all if he did I couldn't find it and did the failure to address it result in our requirement to reverse that determination if we got to it your honor I believe the court did address it and I and he addressed tell me where well I believe the the second part the merits analysis regarding the significant relationship test analyze whether a dismissal without prejudice would be proper and based on the significant relationship tests finals final findings the court having determined that california is where this lawsuit should have been brought adopted the borrowing statute and adopting the the statute of limitations in california and realized that in california the one-year statute of limitations would have barred the amended complaint so had the court simply stopped at the default dismissal under 7.1 c I understand your honor's point but because the court went on to the second part of its analysis and did the merits analysis on the uh significant relationship test and how that affects the proposed amended complaint that is where the court was correct in concluding of this case I think is that um where we have applied the rule that judge marcus uh has is addressed uh we've done it in in in the context of that was the end of the case uh and and that's all that that motion to dismiss was granted or or that there was a dismissal with prejudice based on on that conduct uh and that's the end of the story the oddity here is we had a couple of different motions including the motion for leave to amend that are all addressed in the same order and that have all been challenged in this appeal that is correct your honor and and we do believe that because um the court did uh maybe it's uh serendipitous but because the court did address the motion for leave to amend that did provide the the the answer to judge marcus's concern uh regarding whether the court considered lesser sanctions okay thank you um we're gonna hear uh three minutes from mr williamson you i'd like i'd like to quickly address um judge marcus's question about factor two and i'm i understand the connection to california and and the weight the the in in appellant's contention the little weight that should be given to this factor under these circumstances however um as as i was previously trying to to acknowledge the southern district of florida in the case jai singhani versus capital cities a case that was subsequently affirmed by the 11th circuit discussed the fact that when an article is published and republished across the country as the article here was both in print as well as on the hollywood reporter's website the location of initial publication which undisputedly was california bears little significance um what according to the proposed amended complaint what was mr middleton doing in florida once he moved here yes your honor so not only was mr florida i mean excuse me not only with mr middleton domiciled in florida however he also has business connections to florida his family owns a significant stake of the philadelphia phillies he has a minority stake in the philadelphia phillies the philadelphia phillies conduct spring training in clearwater florida he works with the phillies in that regard and the phillies also obviously have a significant fan base down here which goes to all who read the hollywood reporter i can't answer that your honor however however that actually brings me to my next point i wanted to quickly discuss the the fry verse mentor case um so acknowledging that the factors the four additional factors that were laid out and fried should not or at least could not have been determined on a motion to dismiss because of obviously disputes of fact there are two that i would like to specifically uh acknowledge here um and again it brings back to the defamatory statements that are raised in the proposed amended complaint they're of a personal nature about mr middleton this is the reason why we believe is domicile is most important and in addition one of the four factors raised by fry was the circulation of the publication and the local georgia newspaper in fry is obviously vastly different than the hollywood reporter which although it's based in california and is writes articles or publishes articles about the entertainment industry it also publishes them across lawsuits filed in california it also it also uh excuse me it also publishes all over the country both in print and on the internet and specifically in florida and one more thing i'd like to address defense council discussed the motions for extension of time filed by mr middleton's attorney i would just like to say that in the first motion for extension he requested jurisdictional discovery the court never ruled upon it and then he withdrew from the case um i think that okay uh we understand your case mr williamson uh let's move to the last one for today okay stephanie